IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JOSE ORLANDO GIRON, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | |
| § | |
| KRISTI NOEM, Secretary of the U.S. § | CIVIL ACTION NO. 9:25-CV-00327 |
| Department of Homeland Security; U.S. § | JUDGE MICHAEL J. TRUNCALE |
| DEPARTMENT OF HOMELAND § | |
| SECURITY; TODD LYONS, Acting § | |
| Director of the US. Immigration and § | |
| Customs Enforcement; EXECUTIVE § | |
| OFFICE FOR IMMIGRATION § | |
| REVIEW; PAMELA BONDI, Attorney § | |
| General of the United States; § | |
| and BRET BRADFORD, § | |
| Houston Field Office Director, Immigration § | |
| and Customs Enforcement and Removal § | |
| Operations, § | |
| § | |
| *Respondents*. § | |

## ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jose Orlando Giron's Amended Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 10]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Jose Orlando Giron ("Giron") is an El Salvadorian national who has resided in the United States since 1995. [Dkt. 10 at ¶ 1]. On October 27, 2025, United States Immigration and Customs Enforcement ("ICE") detained Giron. *Id.*

On November 21, 2025, Giron brought a habeas corpus petition in the Southern District of Texas. [Dkt. 1]. Giron filed his amended petition on December 5, 2025, claiming that his detention

violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 10]. The case was subsequently transferred to the Eastern District of Texas on December 9, 2025. [Dkt. 14].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Giron appears to challenge the legality of his detention on three separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 10 at ¶ 67]. Second, Giron claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. *Id.* at ¶ 72. Third, Giron argues that his detention violates due process because he is eligible for custody redetermination. *Id.*

### A. Detention Pending Removal Proceedings

Giron first challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 10 at ¶ 67]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained

---

[1] 8 U.S.C. § 1101 et seq.

during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Giron argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Giron is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 10 at ¶ 72].

### B. Custody Redetermination

Giron next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge[2], which he applied for and did not receive. *Id.* at ¶ 73. In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Giron receive a custody redetermination, a custody redetermination would not necessarily result in Giron's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Giron's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle Giron to

---

[2] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

habeas relief.[3] *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

Because Giron has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Giron's Amended Petition for Writ of Habeas Corpus [Dkt. 10] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 19th day of December, 2025.**

Michael J. Truncale
United States District Judge

---

[3] Giron's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.